UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

GERARD CULBERTSON, individually
and on behalf of all similarly situated
individuals,

    Plaintiff,

v.

K-MAC ENTERPRISES, INC.,

    Defendant.

Case No. 5:23-cv-05069-TLB

### DEFENDANT'S ANSWER TO PLAINTIFF'S COLLECTIVE AND CLASS ACTION COMPLAINT AND JURY TRIAL DEMAND

Defendant K-Mac Enterprises, Inc. ("Defendant") submits the following Original Answer and Defenses to Plaintiff's Collective and Class Action Complaint and Jury Trial Demand ("Complaint"). Defendant denies each and every allegation set forth in Plaintiff's Complaint unless expressly admitted herein. In support of its Answer, Defendant states as follows:

### INTRODUCTION[1]

1. Defendant admits that Plaintiff Gerard Culbertson ("Plaintiff") purports to bring an action under the Fair Labor Standards Act ("FLSA") and the Missouri Minimum Wage Law ("MMWL"). Defendant denies the remaining allegations in paragraph 1 of the Complaint.

2. Defendant admits that it is Taco Bell franchisee and employs Assistant Managers. Defendant denies the remaining allegations in paragraph 2 of the Complaint.

3. Defendant admits that Plaintiff purports to bring an action under the FLSA and state law. Defendant denies the remaining allegations in paragraph 3 of the Complaint

---

[1] Defendant includes the section headings from Plaintiff's complaint for reference purposes only. Defendant denies any and all allegations contained in the section headings of the Complaint.

**ANSWER TO PLAINTIFF'S COLLECTIVE AND CLASS
ACTION COMPLAINT AND JURY TRIAL DEMAND**　　　　　　　　　　　　　　　　　　　　　　　　**Page 1**

## JURISDICTION AND VENUE

4. Defendant admits that subject matter jurisdiction is properly vested in this Court.

5. Defendant admits that subject matter jurisdiction is properly vested in this Court.

6. Defendant admits that subject matter jurisdiction is properly vested in this Court.

7. Defendant admits that it has annual sales exceeding $500,000 and has two or more employees. The remaining allegations in paragraph 7 of the Complaint state legal conclusions to which no response is required.

8. Defendant admits it maintains offices and operates restaurants in the State of Arkansas.

9. Defendant admits that venue is proper. Defendant denies the allegations in paragraph 9 of the Complaint.

## PARTIES

10. Defendant lacks knowledge and information sufficient to admit or deny the citizenship or residency of Plaintiff. Defendant admits that Plaintiff was an Assistant Manager from October 2021 to September 2022. Defendant denies the remaining allegations in paragraph 10 of the Complaint.

11. Defendant admits the allegations in paragraph 11 of the Complaint.

12. Defendant admits the allegations in paragraph 12 of the Complaint.

13. Defendant admits the allegations in paragraph 13 of the Complaint.

14. Defendant admits that it has been served.

## GENERAL ALLEGATIONS

**A.     *Defendant's Misclassification of Assistant General Managers.***

15.     Defendant admits that it employed Plaintiff as an Assistant Manager.  Defendant denies the remaining allegations in paragraph 15 of the Complaint.

16.     Defendant denies the allegations in paragraph 16 of the Complaint.

17.     Defendant denies the allegations in paragraph 17 of the Complaint.

18.     Defendant admits the allegations in paragraph 18 of the Complaint.

19.     Defendant denies the allegations in paragraph 19 of the Complaint.

20.     Defendant denies the allegations in paragraph 20 of the Complaint.

21.     Defendant denies the allegations in paragraph 21 of the Complaint.

22.     Defendant admits that Plaintiff and other employees were expected to follow company policies, procedures, and processes.  Defendant denies the remaining allegations in paragraph 22 of the Complaint.

23.     Defendant denies the allegations in paragraph 23 of the Complaint.

24.     Defendant admits that it employs Shift Leads as non-exempt employees.  Defendant denies the remaining allegations in paragraph 24 of the Complaint.

25.     Defendant denies the allegations in paragraph 25 of the Complaint.

26.     Defendant denies the allegations in paragraph 26 of the Complaint.

27.     Defendant denies the allegations in paragraph 27 of the Complaint.

**B.     *Defendant Fails to Compensate AGMs for All Hours Worked.***

28.     Defendant denies the allegations in paragraph 28 of the Complaint.

29.     Defendant admits the allegations in paragraph 29 of the Complaint.

30.     Defendant denies the allegations in paragraph 30 of the Complaint.

31. Defendant admits that it paid Plaintiff a weekly salary. Defendant denies the remaining allegations in paragraph 31 of the Complaint.

32. Defendant denies the allegations in paragraph 32 of the Complaint.

33. Defendant denies the allegations in paragraph 33 of the Complaint.

C. ***Defendant's Policies and Practices of Misclassification and Unpaid Work Violates Federal and Missouri State Law.***

34. Defendant denies the allegations in paragraph 34 of the Complaint.

35. Defendant admits the allegations in paragraph 35 of the Complaint.

36. Defendant denies the allegations in paragraph 36 of the Complaint.

37. Defendant knew that employees must be paid for compensable time. Defendant denies the remaining allegations in paragraph 37 of the Complaint.

38. Defendant denies the allegations in paragraph 38 of the Complaint.

39. Defendant denies the allegations in paragraph 39 of the Complaint.

40. Defendant admits the allegations in paragraph 40 of the Complaint.

41. Defendant denies the allegations in paragraph 41 of the Complaint.

42. Defendant denies the allegations in paragraph 42 of the Complaint.

43. Defendant denies the allegations in paragraph 43 of the Complaint.

44. Defendant denies the allegations in paragraph 44 of the Complaint.

D. ***Recordkeeping.***

45. The allegations in paragraph 45 of the Complaint state legal conclusions to which no response is required.

46. The allegations in paragraph 46 of the Complaint state legal conclusions to which no response is required.

47. The allegations in paragraph 47 of the Complaint state legal conclusions to which no response is required.

48. Defendant denies the allegations in paragraph 48 of the Complaint.

49. The allegations in paragraph 49 of the Complaint state legal conclusions to which no response is required.

50. The allegations in paragraph 50 of the Complaint state legal conclusions to which no response is required.

## COLLECTIVE ACTION ALLEGATIONS

51. Defendant admits that Plaintiff purports to bring an action under the FLSA. Defendant denies the remaining allegations in paragraph 51 of the Complaint.

52. Defendant admits that Plaintiff purports to bring an action under the FLSA. Defendant denies the remaining allegations in paragraph 52 of the Complaint.

53. Defendant admits that Plaintiff purports to bring an action under the FLSA. Defendant denies the remaining allegations in paragraph 53 of the Complaint.

54. Defendant denies the allegations in paragraph 54 of the Complaint.

## THE MISSOURI WAGE AND HOUR LAW CLASS ACTION ALLEGATIONS

55. Defendant admits that Plaintiff purports to bring a class action under Rule 23. Defendant denies the remaining allegations in paragraph 55 of the Complaint.

56. Defendant denies the allegations in paragraph 56 of the Complaint.

57. Defendant denies the allegations in paragraph 57 of the Complaint.

58. Defendant denies the allegations in paragraph 58 of the Complaint.

59. Defendant denies the allegations in paragraph 59 of the Complaint.

60. Defendant denies the allegations in paragraph 60 of the Complaint.

61. Defendant denies the allegations in paragraph 61 of the Complaint.

## COUNT I

### VIOLATION OF THE FAIR LABOR STANDARDS ACT, U.S.C. § 201, *et seq.*, FAILURE TO PAY OVERTIME WAGES

### (FLSA Collective)

62. Defendant incorporates by reference the answers contained in paragraphs 1-61 above.

63. Defendant admits that it employed Plaintiff. Defendant denies the remaining allegations in paragraph 63 of the Complaint.

64. Paragraph 64 of the Complaint states legal conclusions to which no response is required.

65. Defendant admits that it employed Plaintiff. Defendant denies the remaining allegations in paragraph 65 of the Complaint.

66. Defendant denies the allegations in paragraph 66 of the Complaint.

67. Defendant admits that it did not classify Plaintiff as an exempt employee. Defendant denies the remaining allegations in paragraph 67 of the Complaint.

68. Defendant denies the remaining allegations in paragraph 68 of the Complaint.

69. Defendant admits that it employed Plaintiff. Defendant denies the remaining allegations in paragraph 69 of the Complaint.

70. Paragraph 70 of the Complaint states legal conclusions to which no response is required.

71. Defendant denies the allegations in paragraph 71 of the Complaint.

72. Defendant denies the allegations in paragraph 72 of the Complaint.

73. Defendant denies the allegations in paragraph 73 of the Complaint.

74. Defendant denies the allegations in paragraph 74 of the Complaint.

75. Paragraph 75 of the Complaint states legal conclusions to which no response is required.

76. Paragraph 76 of the Complaint states legal conclusions to which no response is required.

## COUNT II

### VIOLATIONS OF THE MISSOURI MINIMUM WAGE LAW ("MMWL")

### (Missouri Class)

77. Defendant incorporates by reference the answers contained in paragraphs 1-76 above.

78. Defendant admits that it employed Plaintiff. Defendant denies the remaining allegations in paragraph 78 of the Complaint.

79. Paragraph 79 of the Complaint states legal conclusions to which no response is required.

80. Plaintiff admits that it was required to pay Plaintiff for all hours worked. Defendant denies the remaining allegations of paragraph 80 of the Complaint.

81. Paragraph 81 of the Complaint states legal conclusions to which no response is required.

82. Paragraph 82 of the Complaint states legal conclusions to which no response is required.

83. Paragraph 83 of the Complaint states legal conclusions to which no response is required.

84. Defendant denies the allegations in paragraph 84 of the Complaint.

85. Defendant denies the allegations in paragraph 85 of the Complaint.

86. Defendant denies the allegations in paragraph 86 of the Complaint.

87. Defendant denies the allegations in paragraph 87 of the Complaint.

88. Defendant denies the allegations in paragraph 88 of the Complaint.

## COUNT III

### VIOLATION OF THE FAIR LABOR STANDARDS ACT, U.S.C. § 201, *et seq.*, FAILURE TO PAY OVERTIME WAGES

### (Plaintiff's Individual Claim)

89. Defendant incorporates by reference the answers contained in paragraphs 1-88 above.

90. Paragraph 90 of the Complaint states legal conclusions to which no response is required.

91. Paragraph 91 of the Complaint states legal conclusions to which no response is required.

92. Paragraph 92 of the Complaint states legal conclusions to which no response is required.

93. Paragraph 93 of the Complaint states legal conclusions to which no response is required.

94. Defendant admit that classified Plaintiff as a nonexempt employee. Defendant denies the remaining allegations in paragraph 94 of the Complaint.

95. Defendant denies the allegations in paragraph 95 of the Complaint.

96. Defendant admits that it employed Plaintiff. Defendant denies the remaining allegations in paragraph 96 of the Complaint.

97. Paragraph 97 of the Complaint states legal conclusions to which no response is required.

98. Defendant denies the allegations in paragraph 98 of the Complaint.

99. Defendant denies the allegations in paragraph 99 of the Complaint.

100. Defendant denies the allegations in paragraph 100 of the Complaint.

101. Defendant denies the allegations in paragraph 101 of the Complaint.

102. Paragraph 102 of the Complaint states legal conclusions to which no response is required.

103. Paragraph 103 of the Complaint states legal conclusions to which no response is required.

## COUNT IV

## VIOLATIONS OF THE MISSOURI MINIMUM WAGE LAW ("MMWL")

### (Plaintiff's Individual Claim)

104. Defendant incorporates by reference the answers contained in paragraphs 1-103 above.

105. Paragraph 105 of the Complaint states legal conclusions to which no response is required.

106. Paragraph 106 of the Complaint states legal conclusions to which no response is required.

107. Defendant admits that it was required to pay Plaintiff for all hours worked. Defendant denies the remaining allegations in paragraph 107 of the Complaint.

108. Paragraph 108 of the Complaint states legal conclusions to which no response is required.

109. Paragraph 109 of the Complaint states legal conclusions to which no response is required.

110. Paragraph 110 of the Complaint states legal conclusions to which no response is required.

111. Defendant denies the allegations in paragraph 111 of the Complaint.

112. Defendant denies the allegations in paragraph 112 of the Complaint.

113. Defendant denies the allegations in paragraph 113 of the Complaint.

114. Defendant denies the allegations in paragraph 114 of the Complaint.

115. Defendant denies the allegations in paragraph 115 of the Complaint.

## **PRAYR FOR RELIEF**

Defendant denies that Plaintiff is entitled to any relief in the unnumbered prayer. Defendant specifically denies each of Plaintiff's allegations as set forth in subparagraphs a-m of the unnumbered prayer.

All allegations not admitted herein are denied.

## **DEFENSES AND AFFIRMATIVE DEFENSES**

Defendant sets forth its defenses, including affirmative defenses, as follows:

1. Plaintiff has failed to state a claim upon which relief may be granted.

2. Plaintiff's claims are barred in whole or in part by the applicable statute of limitations including, but not limited to, 29 U.S.C. § 255.

3. Plaintiff has been paid all sums legally due under the FLSA and the MMWL.

4. Defendant is entitled to an offset for any overpayments made to Plaintiff.

5. Plaintiff is not entitled to recover wages for time that is not compensable work.

6. Plaintiff's claims are barred for hours allegedly worked without Defendant's actual or constructive knowledge.

7. Plaintiff is not entitled to recover wages for time that is *de minimis*.

8. Plaintiff is not entitled to relief for preliminary and postliminary acts under the Portal-to-Portal Act.

9. Plaintiff was paid pursuant to the fluctuating workweek under 29 CFR § 778.114.

10. Without assuming any burden of proof, Defendant asserts that any alleged violation of the FLSA and the MMWL was not willful.

11. Plaintiff may not maintain this action as a collective action under 29 U.S.C. § 216 because he is not similarly situated to any other employee for purposes of the allegations and claims made in this lawsuit.

12. Plaintiff cannot meet the prerequisites for class certification under Rule 23 of the Federal Rules of Civil Procedure.

13. Plaintiff cannot meet the requirements of Rule 23(a)(1) because he cannot show that he represents a class sufficiently numerous to warrant class treatment, or that joinder is impracticable.

14. Plaintiff cannot meet the basic criteria of Rule 23(a)(2) and (3) because he cannot show that there are questions of law or fact common to the members of the class or that his claims are typical of the claims of the putative class.

15. Plaintiff cannot satisfy the requirements of Rule 23(a)(4) for class representation because he cannot show he will adequately represent and protect the interest of the putative class.

16. To the extent Plaintiff seeks to certify a class pursuant to Rule 23(b)(3), Defendant contends that questions of law or fact which are common to class members do not predominate

over questions effecting individual members and that class action treatment is not superior to the available methods for the fair and efficient adjudication of the controversy.

17. Defendant asserts the above defenses to the claims of all opt-in plaintiffs. Defendant reserves the right to assert additional defenses.

## PRAYER

For the foregoing reasons, Defendant requests that Plaintiff's Complaint be dismissed with prejudice and that Defendant be awarded its costs, attorneys' fees, and such other and further relief, at law or in equity, to which it is justly entitled.

Respectfully submitted,

*/s/ John B. Brown*
John B. Brown
Texas Bar No. 00793412
john.brown@ogletree.com
OGLETREE, DEAKINS, NASH, SMOAK
 & STEWART, P.C.
8115 Preston Road, Suite 500
Dallas, Texas 75225
(214) 987-3800
(214) 987-3927 (fax)

## CERTIFICATE OF SERVICE

I hereby certify that on August 14, 2023, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will transmit a Notice of Electronic Filing to counsel of record:

Josh Sanford
SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy., Suite 510
Little Rock, Arkansas 72211
josh@sanfordlawfirm.com

Jacob R. Rusch
Zackary S. Kaylor
JOHNSON BECKER, PLLC
444 Cedar Street, Suite 1800
Saint Paul, Minnesota 55101
jrusch@johnsonbecker.com
zkaylor@johnsonbecker.com

*/s/ John B. Brown*
John B. Brown